UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYRONE JEROME PETERSON,

    Plaintiff,

v.                                                                 Case No. 6:10-cv-521-Orl-DAB

HANK WONG, et al.,

    Defendants.
_____

## **MEMORANDUM OF DECISION**

This cause came for a bench trial before the undersigned[1] on December 3, 2012. For the reasons set forth below, the Court orders entry of judgment that Plaintiff take nothing from Defendants.

On April 7, 2010, Plaintiff Tyrone Jerome Peterson filed a Complaint against Orlando Police Department Officers Hank Wong ("Wong"), Timothy Kuzma ("Kuzma"), Richard Ruth ("Ruth"), and Anthony Kirby ("Kirby") (collectively "Defendants") for use of excessive force during his arrest. Following the Court's partial grant of summary judgment (Doc. No. 93), Plaintiff's claims were narrowed to two remaining triable issues: (1) whether Defendants used excessive force by allowing a K-9 to bite Plaintiff after he had been apprehended and was no longer resisting, and (2) whether Defendants failed to intervene when a K-9 bit Plaintiff.

Defendants deny that Plaintiff was bitten by a K-9 at the time of his arrest on May 4, 2008. Defendants further maintain that they did not fail to intervene to prevent Plaintiff

---

[1]This case was originally assigned to Judge Honeywell; following the parties' consent the case was reassigned on June 19, 2012. Doc. No. 88.

from being bitten by a K-9.

At trial, Plaintiff offered his own testimony and that of Defendants Wong, Kuzma, Kirby, and Ruth. Defendants offered the testimony of Defendant Ruth. Based on this testimony and the exhibits admitted into evidence, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

## I.   *FINDINGS OF FACT*

On May 4, 2008, Plaintiff was arrested for the felony offenses of burglary of a structure and aggravated assault with a deadly weapon against a law enforcement officer. Plaintiff subsequently entered a plea of guilty to burglary of a structure and aggravated assault with a deadly weapon.

The facts preceding Plaintiff's convictions are as follows. Defendants Wong, Kuzma, and Kirby and other law enforcement officers pursued Plaintiff in a vehicle chase that terminated in the backyard of a residence. At the conclusion of the vehicle chase, Plaintiff fled his vehicle and was shot multiple times as he climbed a fence behind the residence. After crossing the fence, Plaintiff surrendered and was pulled back over the fence by Kuzma and placed on his stomach on the ground. Kuzma and Orange County Sheriff's Deputy Chris Miller handcuffed Plaintiff. (Doc. No. 111-2 at 12.) Kuzma remained by Plaintiff until the EMTs arrived to treat him.

Defendant Wong, who had shot at Plaintiff, observed Plaintiff being pushed back over the fence and the EMTs giving Plaintiff medical care. Neither Wong nor Kirby, who also shot at Plaintiff, stood near Plaintiff after he was handcuffed. Wong and Kirby were taken from the scene shortly after Plaintiff was apprehended because they were involved

in the shooting. Wong and Kuzma saw Ruth with his K-9, which was secured with a harness, at the scene of the arrest after Plaintiff was handcuffed. Ruth had his K-9 at the scene because he did not know whether the suspect had been apprehended or whether there were additional suspects who would have to be tracked. Neither Ruth nor his K-9 got close to Plaintiff while he was on the ground.

The EMTs arrived shortly after Plaintiff was handcuffed. No dogs other than Ruth's K-9 were observed outside of their K-9 units at the scene of the arrest, and no civilian dogs were seen in the area. No one, including Plaintiff, saw a dog bite Plaintiff at the time of his arrest.

An EMT told Plaintiff that he needed to treat the dog bite on Plaintiff's leg, the Orlando Regional Medical Center's medical records from May 4, 2008, indicate that Plaintiff was treated for a dog bite on his left calf, and Plaintiff had an injury to his left calf. Nevertheless, Dr. Steven Vaughn Dill, the emergency room physician who treated Plaintiff, could not say with a reasonable degree of medical certainty that Plaintiff suffered a laceration to his left calf as a result of a dog bite even though the diagnosis on the medical records indicate treatment for a dog bite. (Doc. No. 109-1 at 44.)

## II.   CONCLUSIONS OF LAW

In *Priester v. City of Riviera Beach, Florida*, 208 F.3d 919 (11th Cir. 2000), the Court concluded that two officers, one of whom ordered his police dog to attack the suspect and one of whom watched the incident from a close proximity but did nothing to stop the attack, could be liable for use of excessive force where the suspect had surrendered and was compliant. "It is clearly established in this Circuit 'that an officer who is present at the

scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" *Bailey v. City of Miami Beach,* No. 11-13908, 2012 WL 1414941, at *2 (11th Cir. Apr. 25, 2012) (quoting *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341–42 (11th Cir. 2007) (quotation marks omitted)). "'But it must also be true that the non-intervening officer was in a position to intervene yet failed to do so.'" *Id.* (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)). Plaintiff bears the burden of demonstrating the use of excessive force by a preponderance of the evidence. *See, e.g., Santiago v. Fields,* 2012 WL 3034106, *1 (3d Cir. 2012).

Plaintiff failed to produce sufficient evidence establishing that he was bitten by a dog after he was apprehended and handcuffed. Defendants, whom the Court finds credible,[2] did not observe a dog bite Plaintiff. Likewise, Plaintiff did not see or otherwise sense a dog biting him. Certainly it is possible that the traumatic circumstances (a high speed chase, being shot and scratched, being apprehended and handcuffed while surrounded by numerous officers) could have impaired Plaintiff's perceptions. However, he testified in minute detail about what was being said and done while he was on the ground. It is simply not credible that he could have suffered a disfiguring dog bite at the same time and not have noticed it at all.

The only dog seen by the witnesses at the scene of the arrest was Ruth's K-9, which was harnessed and restrained by Ruth. The only evidence presented that Plaintiff was bitten by a dog was Plaintiff's hearsay testimony that an EMT told him he had to treat a

---

[2] Notably, Plaintiff did not present testimony from any of the other on scene witnesses (not all of whom were Orlando police officers) who were in position to see any dog attack had it occurred.

dog bite on Plaintiff's leg and Plaintiff's medical records, which note treatment for a dog bite.[3] However, the treating physician could not affirm that the injury to Plaintiff's leg was caused by a dog bite. Moreover, additional medical records from an unrelated incident indicate that metal fragments were observed in Plaintiff's left calf. In sum, Plaintiff has not demonstrated by a preponderance of the evidence that he was bitten by a dog at the time of his arrest on May 4, 2008. Thus, Plaintiff's claims for use of excessive force and failure to intervene based on a dog bite are not well taken, and he cannot prevail.

This is not to say that there are no troubling aspects to the case as presented. The absence of contemporaneous photographs of Plaintiff's calf is surprising, given the number of other photographs that were taken of him and the various vehicles, scenes and officers. The failure of Officer Ruth to note in his statements that he got his K-9 out of the car when arriving on scene is an odd omission, though his testimony on this point was direct, forthcoming and detailed. Finally, review of the entire event shows that the circumstances generated by Plaintiff's criminal activities and flight from law enforcement snowballed on each other (in part due to incomplete communications) resulting in an chaotic scenario that included a potentially dangerous vehicle chase, involvement by a great many officers and deputies, and an unknown number of gunshots in a residential area. Obviously, the events did not play out as Plaintiff, Defendants or the public at large might desire. All of that noted, it remains that Plaintiff has not proven that he was bitten by a dog while in custody of Defendants.

---

[3] One may speculate that the EMT saw Officer Ruth and his K-9 as they passed each other upon the EMT's arrival, raising in the EMT's mind the possibility that the dog had been deployed. This notation, having entered the medical record would have been perpetuated without much additional consideration since, from a medical standpoint, the issue was proper treatment of the wounds, not determining their source.

Though not necessary for resolution of the case, the Court also notes that only Officer Kuzma had any on scene operational control over Plaintiff, and only Officer Ruth had a K-9 present. Thus, Defendants Wong and Kirby could not face liability under *Priester* even if there had been a dog attack.

## III.   CONCLUSION

Based on the testimony at trial and the other evidence presented, the Court rules that Plaintiff take nothing against Defendants. The parties shall bear their own costs. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** in Orlando, Florida, this 12th day of December, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
OrlP-1 12/12
Tyrone Jerome Peterson
Counsel of Record